## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL BOOTH | : | CIVIL ACTION |
| 9301 VANDIKE STREET | : | |
| PHILADELPHIA, PA 19114 | : | |
| **Plaintiff** | : | JURY TRIAL DEMANDED |
| **vs.** | : | |
| | : | NO. |
| CITY OF PHILADELPHIA | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| **and** | : | |
| LIEUTENANT NICHOLAS COCO | : | |
| BADGE NO. 245 | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| **and** | : | |
| POLICE OFFICER JOHN/JANE DOE # 1-5 | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |

## COMPLAINT – CIVIL ACTION

### I.     INTRODUCTION

1. Plaintiff brings this action for damages brought pursuant to 42 U.S.C. §1983 and 1988 and Pennsylvania common law against Defendants as a result of Lt. Nicholas Coco's excessive use of force, repeatedly striking the Plaintiff with his baton, the Other individual's failure to intervene to stop the use of excessive force and false arrest, false imprisonment and malicious prosecution,  as well as the City's failure to enforce a policy or training that would have prevented these violations of Plaintiff's rights.

### II.     JURISDICTION AND VENUE

2. The Court has jurisdiction over the claims brought under §1983 and under 28 U.S.C. §1331 and 1343.

3.  This Court has jurisdiction over the state law claims under 28 U.S.C. §1367 and the principles of pendent and ancillary jurisdiction.

4.  Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in the City of Philadelphia, which is in the Eastern District of Pennsylvania.

## III.    PARTIES

5.  Plaintiff, Daniel Booth, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

6.  Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

7.  At all relevant times, Defendant City of Philadelphia, acted or failed to act through their employees, agents, officers, workmen, servants, and/or contractors, then and there acting within the course and scope of their employment, agency, office, work order, servanthood, and/or contract, as well as acting under color of state law, including the individually named Defendants.

8.  Defendant, Lieutenant Nicholas Coco, Badge No. 245, was at all times relevant hereto was a higher-ranking police officer for the City of Philadelphia Police Department and an employee of the Defendant, City of Philadelphia.

9.  Defendants, Police Officers John/Jane Doe #1-5, were at all times relevant hereto were police officers for the City of Philadelphia Police Department and employees of the Defendant, City of Philadelphia.

2.

10. At all material times, Defendants were working as police officers with the City of Philadelphia Police Department and were acting within the course and scope of their employment and pursuant to the policies, practices, and/or customs of the City of Philadelphia Police Department.

11. Defendant, Lieutenant Nicholas Coco, Badge No. 245, was at all material times an officer with the City of Philadelphia Police Department.  Lieutenant Nicholas Coco is being sued both individually and in their official capacity.

12. Defendants, Police Officers John/Jane Doe #1-5, were at all material times officers with the City of Philadelphia Police Department, so designated by fictitious name because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence.  Police Officers John/Jane Doe #1-5 are being sued both individually and in their official capacity.

## IV.    OPERATIVE FACTS

13. On January 29, 2023, at approximately 8:45 p.m., Plaintiff, Daniel Booth, was with his friends at the intersection of Frankford Avenue and Cottman Avenue in Philadelphia, Pennsylvania celebrating the recent Philadelphia Eagles victory in the NFC Championship securing them a spot in The Super Bowl.

14. The Plaintiff was recording the celebration on his cell phone.

15. At the above date, time, and location, Defendant, Lieutenant Nicholas Coco, Badge No. 245, and Defendant Police Officers John/Jane Doe #1-5, were on duty patrolling the area and providing crowd control.

16. At the above date, time, and location, Defendant, Lieutenant Nicholas Coco, Badge No. 245, pushed Plaintiff from behind.  When the Plaintiff turned around to see who had pushed him,

Defendant Lieutenant Nicholas Coco, Badge No. 245 struck the Plaintiff's cell phone with his ASP Baton (nightstick) causing Plaintiff to drop the cellphone.

17. Defendant, Lieutenant Nicholas Coco, Badge No. 245, continued to exchange obscenities with Plaintiff while forcefully shoving the Plaintiff and his friend.

18. At the above date, time, and location, Defendant, Lieutenant Nicholas Coco, Badge No. 245 and/or Police Officers John/Jane Doe #1-5, then proceeded to violently push Plaintiff's friend to the ground and strike his friend with an ASP Baton/nightstick.

19. Immediately thereafter, Defendant Lieutenant Nicholas Coco, Badge No. 245 proceeded to strike the Plaintiff in the legs with his ASP Baton (nightstick).

20. Defendant Lieutenant Nicholas Coco, Badge No. 245, and Defendant Police Officers John/Jane Doe #1-5, put Plaintiff in a headlock on top of a nearby vehicle and began elbowing him.

21. Then Defendant Lieutenant Nicholas Coco, Badge No. 245 returned to the area and immediately began pulling the Plaintiff's hair and then placed him in the back of a police van.

22. At the above date, time, and location, Plaintiff was not told why he had been arrested and when asked, Defendant Police Officers John Doe #1-5 stated they had "no clue."

23. At all relevant times relevant hereto, Plaintiff did not act or fail to act in any manner that would, in the totality of the circumstances, create probable cause to seize his person or property or subject him to the use of force.

24. At all relevant times, Defendants were not aware of any facts from which probable cause to seize Plaintiff or his property or use force would arise.

4.

25. At all relevant times, Defendants knew that they lacked probable cause to seize Plaintiff's person or property and subject him to the use of force.

26. As a direct and proximate result of the above, the Plaintiff suffered severe personal injuries, as well as humiliation and embarrassment, some of which may be permanent in nature, including but not limited to:

    **a.  Left knee contusion**

27. As a further direct and proximate result of the above, the Plaintiff has been obligated to incur various expenses for medical treatment, which expenses to date include, but are not limited to:

| | |
|---|---|
| **AFC Urgent Care** | |
| **1/30/23** | **$608.62** |
| | **+_____** |
| **TOTAL** | **$608.62** |

28. As a further direct and proximate result of the above, Plaintiff has suffered or may suffer a loss of earnings and earnings capacity past, present, and/or future.

<u>**COUNT I**</u>
<u>**EXCESSIVE FORCE**</u>
<u>**DANIEL BOOTH V. LT. NICHOLAS COCO AND**</u>
<u>**POLICE OFFICERS JOHN/JANE DOE #1-5**</u>

29. The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

30. As aforesaid, Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, jointly and/or severally, acting within the course and scope of their employment, under the color of state law, intentionally, recklessly, and maliciously deprived Plaintiff of his rights, privileges, and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States, in particular, the right to be free from excessive force.

31. Defendants' aforementioned actions violated the Plaintiff's rights under the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

32. As aforesaid, Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, jointly and/or severally, acting within the course and scope of their employment, under the color of state law, used their position of authority, to illegally and improperly subject the Plaintiff to excessive force, by the above described actions, all of which violated the Plaintiff's rights under the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

33. Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, jointly and/or severally, have been deliberately indifferent to the right of the Plaintiff to be free from excessive force; said deliberate indifference violates the Plaintiff's rights under the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

34. As a direct and proximate result of the malicious, intentional, and reckless actions of the Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, the Plaintiff, Daniel Booth, suffered injuries, which are described above.

35. The above-described actions of all Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, in their individual capacities, were so malicious, intentional and

reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Daniel Booth, demands compensatory and punitive damages against the Defendants, Lt. Nicholas Coco and Police Officers John/Jane Doe #1-5, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

<u>**COUNT II**</u>
<u>**FALSE ARREST, FALSE IMPRISONMENT**</u>
<u>**AND MALICIOUS PROSECUTION**</u>
<u>**DANIEL BOOTH V. LT. NICHOLAS COCO**</u>
<u>**AND POLICE OFFICERS JOHN/JANE DOE #1-5**</u>

36. Paragraphs 1 through 35 are incorporated herein by reference, as though each were fully set forth herein at length.

37. As aforesaid, Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant, City of Philadelphia and the City of Philadelphia Police Department; deprived Plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from false arrest, false imprisonment and malicious prosecution; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. §1983.

38. As aforesaid, Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant, City of Philadelphia and the City of Philadelphia Police Department, intentionally and maliciously arrested, imprisoned and prosecuted, Plaintiff, Daniel Booth, and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. §1983.

39. As aforesaid, Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the Defendant, City of Philadelphia and the City of Philadelphia Police Department, intentionally caused the false arrest, false imprisonment, and malicious prosecution of the Plaintiffs, without probable cause, without privilege and against the Plaintiff's will, and caused the Plaintiff to be subjected to criminal proceedings, by the above described actions, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

40. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, the Plaintiff, Daniel Booth, suffered injuries that are described above.

41. The above-described actions of the Defendants, Lt. Nicholas Coco and/or Police Officers

John/Jane Doe #1-5 were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff, Daniel Booth, demands compensatory and punitive damages against Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, jointly and/or severally, in an amount to fairly and adequately compensate plaintiff, plus interest, costs, attorney's fees and delay damages.

### COUNT III
### BYSTANDER LIABILITY-FAILURE TO INTERVENE
### DANIEL BOOTH V. LT. NICHOLAS COCO AND
### POLICE OFFICERS JOHN/JANE DOE #1-5

42. The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

43. Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5 were present when the Plaintiff's Fourth Amendment rights were being violated and had a duty to stop the unconstitutional seizure, use of force, false arrest, false imprisonment and malicious prosecution against the Plaintiff.

44. Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5 knew or had reason to know that the Plaintiff's Fourth Amendment rights were being violated, and the aforementioned Defendants had a realistic opportunity to intervene and prevent the violation of the Plaintiff's Fourth Amendment rights and resulting harm from occurring but failed to do so.

45. Defendants Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, maliciously, recklessly, and/or intentionally, and with deliberate indifference, failed to intervene and

halt the unconstitutional conduct of any and all of the above-named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

46. The above-described actions of the Defendants, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, in their individual capacities, were so malicious, intentional, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Daniel Booth, demands compensatory and punitive damages against the Defendants, Lt. Nicholas Coco and Police Officers John/Jane Doe #1-5, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

<u>**COUNT IV**</u>
<u>**CONSPIRACY**</u>
<u>**DANIEL BOOTH V. LT. NICHOLAS COCO AND**</u>
<u>**POLICE OFFICERS JOHN/JANE DOE #1-5**</u>

47. The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

48. As demonstrated by their concerted conduct, Lt. Nicholas Coco and/or Police Officers John/Jane Doe #1-5, entered into an agreement or reached a meeting of the minds to assault and battery, falsely arrest, falsely imprison, maliciously prosecute and subject the Plaintiff, Daniel Booth, to excessive force.

49. The above-described actions were so malicious and intentional and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Daniel Booth, demands compensatory and punitive damages against the Defendants, Lt. Nicholas Coco and Police Officers John/Jane Doe #1-5, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

## COUNT V
## SUPERVISORY LIABILITY
## DANIEL BOOTH V. LT. NICHOLAS COCO

50. All preceding paragraphs are incorporated by reference as though fully set forth herein.

51. Plaintiff, Daniel Booth, believes and therefore avers that Defendant, Lt. Nicholas Coco, participated in, directed, encouraged, and/or acquiesced to the illegal seizure, use of excessive force, false arrest, false imprisonment and malicious prosecution by Police Officers John/Jane Doe # 1-5 against Plaintiff, which deprived the Plaintiff of his constitutional rights and privileges under the Constitution of the United States.

52. The Plaintiff believes and therefore avers that the Defendant, Lt. Nicholas Coco, encouraged and failed to prevent their subordinate officers, Defendants, Police Officers John/Jane Doe #1-5, from illegally seizing, using excessive force, falsely arresting, falsely imprisoning and maliciously prosecuting the Plaintiff and therefore deprived the Plaintiff of his rights under the Fourth and Fourteenth Amendments.

53. As detailed above, Defendant, Lt. Nicholas Coco, failed to fulfill his obligation to supervise and intervene when he had an independent and affirmative duty and reasonable opportunity to prevent the illegal use of excessive force against Plaintiff by his subordinate officers.

54. As detailed above, by encouraging and failing to supervise and intervene, Defendant, Lt. Nicholas Coco effectively assisted his subordinate officers in using excessive force against Plaintiff and therefore deprived the Plaintiff of his constitutional rights and privileges under the Constitution of the United States, more specifically the Fourth and Fourteenth Amendments.

55. The above-described actions of the Defendant in his individual capacities was so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Daniel Booth, demands compensatory and punitive damages against the Defendant, Lt. Nicholas Coco, in his individual capacity, in an amount to fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

## COUNT VI
## MONELL CLAIM
## DANIEL BOOTH V. THE CITY OF PHILADELPHIA

56. The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

57. The Plaintiff, Daniel Booth, believes and therefore avers that the Defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of condoning and/or acquiescing in the use of excessive force, false arrests, false imprisonments and malicious prosecutions by its officers, conducting unlawful seizures, and systematically physically abusing individuals, and subjecting them to the same type of treatment to which the Plaintiff was subjected, which policy constitutes the use of

excessive force, false arrests, false imprisonments, and malicious prosecutions and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

58. The Plaintiff believes and therefore avers that the Defendant, the City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, investigate, supervise and discipline police officers, including the individual Defendants, regarding constitutional restraints on the police power to use force, arrest, imprison, and prosecute which policy and/or custom and/or practice violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

59. The Defendant, City of Philadelphia and City of Philadelphia Police Department, have been Deliberately indifferent to the rights of citizens of the Philadelphia and the State of Pennsylvania, to be free from, excessive force, false arrests, false imprisonments, and malicious prosecutions, which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

60. Plaintiff believes and therefore avers that at the time of the incident alleged in Plaintiff's Complaint, Defendant, City of Philadelphia, knew or should have known of the above-described policy, custom, and practice of the City of Philadelphia Police Department, and

that they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit

the policy, customs, and practice including but not limited to, inter alia:

A. Failure to restrain unlawful use of excessive force, false arrest, false imprisonment and malicious prosecution of citizens of Philadelphia;

B. Failure to properly train, test, and/or select its officers in the proper use of force, as well as, lawful arrests, imprisonment, and prosecution;

C. Failure to have clear, concise, and appropriate directives;

D. Failure to properly supervise and/or control its officers;

E. Failure to restrain the use of excessive force when detaining citizens for alleged minor Code Violations such as Disorderly Conduct, and to have clear concise and appropriate directives regarding same;

F. Failure to have proper counseling, use of force training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion prior and ongoing complaints of excessive force false arrests, false imprisonments and malicious prosecution;

G. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the City of Philadelphia Police Department;

H. Failure to prevent Plaintiff from being injured by its Police Officers where Defendant knew or had reason to know of the dangerous propensities of said officers;

I. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct during crowd control at street celebrations as aforesaid;

J. Failing to provide adequate guidance, including directives, as to when it was inappropriate to use force against non-resisting, non-violent arrestees during and event where officers are providing crowd control;

K. The preparation of investigative reports assigned to vindicate the use of force, illegal entry, false arrest, false imprisonment and malicious prosecution, regardless of whether such actions were justified;

L. The preparation of investigative reports, which rely solely on the word of City of Philadelphia Police Officers involved in the incidents in which systematically failed to credit the testimony and statement of non-officer witnesses;

14.

M.  The preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

N.  Failing to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence.

O.  Otherwise acting without due regard for the rights, safety and position of the Plaintiff herein, in accordance with the Fourth Amendment.

61. The Plaintiff believes and therefore avers that the Defendant, City of Philadelphia has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which officers illegally enter private residence, subject individuals to excessive force, falsely arrest, imprison and prosecute, which allows for and results in an encouragement to officers within the City of Philadelphia Police Department to continue doing the same, and creates policies, practices, and/or procedures allowing officers to proceed in this manner and creates an atmosphere for the allowance of such conduct by members of the City of Philadelphia Police Department without fear of punishment.

62. The Plaintiff believes and therefore avers that the Defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly train, supervise and/or discipline officers, including the named Police Officers, Lt Nicholas Coco and Police Officers John Doe #1-5, in such a way as to reduce or at least to restrain the members of the City of Philadelphia Police Department from illegally, using excessive force, falsely arresting, falsely imprisoning and maliciously prosecuting; failing to establish adequate remedial training and sensitivity programs and/or psychological counseling for officers identified as having problems with such conduct; failing to issue adequate directives and/or guidelines concerning prohibitions against illegally the use of excessive force, falsely arresting, falsely imprisoning and maliciously prosecuting; and failing to discipline those officers identified as having unreasonably used said conduct, which failures were the direct cause for the existence of the alleged custom and usage of said conduct, and

15.

specifically upon the Plaintiff, Daniel Booth, by the Defendant, City of Philadelphia and thereby violated Plaintiff's rights to protection from excessive force, false arrest, false imprisonment and malicious prosecution under the Fourth Amendment.

63. The Defendant, City of Philadelphia, was aware of the aforesaid described policy, custom and practice for a substantial period of time and despite knowledge of the illegal policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised Defendant officers, who engaged in the said practices; have not effectively trained officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policy and practices described to the deliberate indifference of the constitutional rights of the residence of the City of Philadelphia and the Commonwealth of Pennsylvania.

64. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, Defendant, City of Philadelphia, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. §1983.

65. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of Defendant, City of Philadelphia and the City of Philadelphia Police Department, and as such caused individual Defendants to be unaware of the rules and laws governing the permissible use of force and power to arrest, imprisonment, and prosecute and that such conduct would not be honestly and properly investigated, all with the procedural result that officers are more likely to use excessive force, illegal warrant entries, falsely arrest, falsely imprison and maliciously prosecute in situations where such conduct is neither necessary, reasonable, nor legal.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff, Daniel Booth, demands compensatory damages against Defendant, City of Philadelphia, in an amount fairly and adequately compensate the plaintiff, plus interest, costs, attorney's fees and delay damages.

### COUNT VII
### ASSAULT & BATTERY
### DANIEL BOOTH V. LT. NICHOLAS COCO AND
### POLICE OFFICERS JOHN/JANE DOE #1-5

66. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

67. The above-described actions of Defendants put Plaintiff in reasonable fear of imminent bodily harm and resulted in Plaintiff being unlawfully and improperly touched, assaulted, battered, and abused against his will, and constituted an unnecessary and unreasonable use of force to carry out their law enforcement duties.

68. The above-described actions were so malicious, intentional, gross, wanton, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Daniel Booth, demands compensatory and punitive damages against Defendants, Lieutenant Nicholas Coco, Badge No. 245, and Police Officers John/Jane Doe # 1-5, jointly and/or severally, in an amount to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

### COUNT VIII
### FALSE ARREST/ FALSE IMPRISONMENT
### DANIEL BOOTH V. LT. NICHOLAS COCO AND
### POLICE OFFICERS JOHN/JANE DOE #1-5

69. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

70. Defendants, Lieutenant Nicholas Coco, Badge #245 and Police Officers John/Jane Doe #1-5, lacked probable cause to arrest Plaintiff.

71. Defendants, Lieutenant Nicholas Coco, Badge #245 and Police Officers John/Jane Doe # 1-5, nevertheless put Plaintiff in the back of a police vehicle and held him in the vehicle for approximately 30 minutes.

72. The above-described actions were so malicious and intentional and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, Plaintiff, Daniel Booth, demands compensatory and punitive damages against Defendants, Defendant Lieutenant Nicholas Coco, Badge No. 245, and Police Officers John/Jane Doe # 1-5, jointly and/or severally, in an amount to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

### COUNT IX
### MALICIOUS PROSECUTION
### DANIEL BOOTH V. LT. NICHOLAS COCO
### AND POLICE OFFICERS JOHN/JANE DOE #1-5

73. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

74. As described above, Defendants, Lieutenant Nicholas Coco, Badge #245, and Police Officers John/Jane Doe # 1-5, intentionally, maliciously and without probable cause, caused the Plaintiff to be subjected to criminal proceedings.

75. The above-mentioned criminal proceedings were terminated in the Plaintiff's favor.

76. As a direct and proximate result of the malicious and intentional actions of Defendants, Plaintiff, Daniel Booth, suffered injuries and damages which are described above.

77. The above-described actions were so malicious and intentional and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Daniel Booth, demands compensatory and punitive damages against Defendants, Lieutenant Nicholas Coco, Badge No. 245, and Police Officers John/Jane Doe #1-5, jointly and/or severally, in an amount to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

**ABRAMSON & DENENBERG, P.C.**

BY: *Alan E. Denenberg*
ALAN E. DENENBERG, ESQ.
ATTORNEY FOR PLAINTIFF

BY: *Renae B. Axelrod*
RENAE B. AXELROD, ESQ.
ATTORNEY FOR PLAINTIFF

19.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DANIEL BOOTH

**DEFENDANTS**
CITY OF PHILADELPHIA, LIEUTENANT NICHOLAS COCO, BADGE NO. 245 AND POLICE OFFICER JOHN/JANE DOE # 1-5

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alan E. Denenberg, Esq. - Abramson & Denenberg, P.C.
1315 Walnut Street, Suite 500, Philadelphia, PA 19107
215-546-1345

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983 and 1988

Brief description of cause: Excessive Force, False Imprisonment and Malicious Prosecution, Bystander Liability-Failure to Intervene, Conspiracy, Supervisory Liability, Monell Claim, Assault and Battery, False Arrest and False Imprisonment, Malicious Prosecution.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
1/24/2025

SIGNATURE OF ATTORNEY OF RECORD
*Alan E. Denenberg*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Frankford Avenue and Cottman Avenue, Philadelphia, PA_

---

***RELATED CASE IF ANY:*** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?                                           Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?           Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*: _____

*B.* ***Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*: _____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.